# EXHIBIT 1

| State of Alabama | | |
|---|---|---|
| Unified Judicial System | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>05-CV-201 |
| Form ARCiv-93   Rev.5/99 | | Date of Filing:<br>01/14/2015 |

ELECTRONICALLY FILED<br>1/14/2015 4:31 PM<br>05-CV-2015-900050.00<br>CIRCUIT COURT OF<br>BALDWIN COUNTY, ALABAMA<br>JODY WISE CAMPBELL, CLERK

## GENERAL INFORMATION

**IN THE CIRCUIT OF BALDWIN COUNTY, ALABAMA**
**BRIAN A. DEKLE ET AL v. GLOBAL DIGITAL SOLUTIONS, INC. ET AL**

**First Plaintiff:**  ☐ Business  ☑ Individual  **First Defendant:**  ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

### NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☐ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonnes
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**

☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP-Contempt of Court
☑ CONT-Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD-Eviction Appeal/Unlawfyul Detainer
☐ FORJ-Foreign Judgment
☐ FORF-Fruits of Crime Forfeiture
☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB-Protection From Abuse
☐ FELA-Railroad/Seaman (FELA)
☐ RPRO-Real Property
☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP-Workers' Compensation
☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ **INITIAL FILING**  A ☐ **APPEAL FROM DISTRICT COURT**  O ☐ **OTHER**

R ☐ **REMANDED**  T ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**  _____

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ Yes  ☑ No

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**  DAV046  1/14/2015 4:31:54 PM  /s/ RICHARD E. DAVIS

**MEDIATION REQUESTED:**  ☐ Yes  ☑ No  ☐ Undecided



## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| BRIAN A. DEKLE and JOHN RAMSAY, | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| *vs.* | * | **Case No.:**_____ |
| | * | |
| GLOBAL DIGITAL SOLUTIONS, INC. | * | |
| and | * | |
| NORTH AMERICAN CUSTOM SPECIALTY | * | |
| VEHICLES, INC., | * | |
| | * | |
| **Defendants.** | * | |

---

## COMPLAINT

---

Plaintiffs allege as follows:

1.      Plaintiff Brian A. Dekle is a resident of Baldwin County, Alabama, and Plaintiff John Ramsay is a resident of Mobile County, Alabama.

2.      Defendant Global Digital Solutions, Inc. ("GDSI") is a Delaware corporation and is the sole shareholder of Defendant North American Custom Specialty Vehicles, Inc. ("Defendant NACSV")

3.      Defendant NACSV is a Delaware corporation formerly known as GDSI Acquisition Corporation and is the surviving entity from the merger of GDSI Acquisition Corporation and North American Custom Specialty Vehicles, L.L.C., an Alabama limited liability company (the "Original NACSV").

4.      Plaintiffs were the only members of the Original NACSV, and Plaintiff Dekle was the Original NACSV's manager.  Much of Plaintiff Dekle's management duties were carried out remotely from his home in Baldwin County, Alabama.  Until December 31, 2014, he was an employee of the Original NACSV.

5.      On or about June 16, 2014, Plaintiffs met in Daphne, Alabama, to execute that certain Equity Purchase Agreement ("the Purchase Agreement"), pursuant to which Plaintiffs sold their interests in the Original NACSV to Defendant North American Custom Specialty Vehicles, Inc. Defendant Global Digital Solutions, Inc. ("GDSI") and the Original NACVS guaranteed the performance of Defendant NACSV under the Purchase Agreement.

6.      The Purchase Agreement required both Initial Consideration and Post-Closing Additional Consideration to Plaintiffs. The Initial Consideration required delivery of cash payment and delivery of stock certificates in Defendant GDSI, both of which requirements were satisfied via delivery of the cash and the certificates to Plaintiffs in Baldwin County, Alabama.

7.      In addition to the said Initial Consideration, the Purchase Agreement also required Post-Closing Additional Consideration. A portion of that Additional Consideration was payable upon the sale of certain assets ("Specially Identified Inventory Items"), and another portion was payable based on profitability and performance of the Original NACSV.

8.      The Original NACSV granted Plaintiffs a UCC Article 9 Security Interest in all of the assets of the Original NACSV to secure the payment of the Additional Consideration owed under the Purchase Agreement. Those assets included the Original NACSV's receivables (which, by virtue of said merger, became the receivables of Defendant NACSV). UCC Financing Statements perfecting said security interest have been duly filed in the States of Alabama and Florida.

9.      Defendant NACVS, as successor to the Original NACVS, sold some of the Specially Identified Inventory Items to Communications Laboratories, Inc. The receivables generated from the sale of the Specially Identified Inventory Items constitute collateral securing payment of the Additional Consideration and further represent payment for some of the Specially Identified Inventory Items. Thus, Plaintiffs are entitled to 100% of the proceeds of these receivables, but Defendants have repudiated their obligation to timely pay these proceeds to Plaintiff in accordance with the terms of the Purchase Agreement. Plaintiff Dekle received, and turned over to his attorney for safekeeping, two (2) checks from Communications Laboratories, Inc., a $100,000.00 check and a $200,000.00 check, constituting the proceeds from the said receivables.

10.      The Purchase Agreement also provided for Post-Closing Additional Consideration based on performance of the Original NACSV. To that end, the Purchase Agreement required the Defendants to "use reasonable commercial efforts to operate the Original NACSV on a profitable

basis and consistent with its historical practices" and vested Plaintiffs with the rights to receive information.

11.     Defendants have breached their obligations by failing to operate the business consistently with historical practices, with the effect that Defendants have alienated customers, vendors, and employees and have substantially and irreparably damaged the goodwill of the business, causing a substantial devaluation both of the business and Plaintiffs' shares of stock in GDSI and impairing the prospects of Plaintiffs' earning any further Post-Closing Additional Consideration.

WHEREFORE, Plaintiffs demand judgment against Defendants for all compensatory damages suffered by Plaintiffs, plus interest and costs, and respectfully request an order directing Defendants to instruct Communications Laboratories, Inc. to reissue the said two (2) checks to Plaintiffs on account of Defendants' obligations to Plaintiffs.

DATED January 14, 2014.

Respectfully submitted,

/s/ Richard E. Davis
RICHARD E. DAVIS (DAV046)

Of Counsel:
DAVIS & FIELDS, P.C.
Post Office Box 2925
Daphne, Alabama 36526
(251) 621-1555; (251) 621-1520, fax
rdavis@davis-fields.com

**PLEASE SERVE DEFENDANTS CERTIFIED MAIL AS FOLLOWS:**

Global Digital Solutions, Inc.
The Company Corporation
2711 Centerville Road
Suite 400
Wilmington, DE 19808

North American Custom Speciality Vehicles, Inc.
National Corporate Research, Ltd.
615 S. Dupont Highway
Dover, DE 19901

/s/ Richard E. Davis
RICHARD E. DAVIS

47779.WPD

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>**05-CV-2015-900050.00** |
|---|---|---|

### IN THE CIRCUIT COURT OF BALDWIN COUNTY
### BRIAN A. DEKLE ET AL V. GLOBAL DIGITAL SOLUTIONS, INC. ET AL

**NOTICE TO**

GLOBAL DIGITAL SOLUTIONS, INC., C/O THE COMPANY CORP 2711 CENTERVILLE RD #400, WILMINGTON, DE 19808

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY RICHARD E. DAVIS

WHOSE ADDRESS IS POST OFFICE BOX 2925, DAPHNE, AL 36526

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   BRIAN A. DEKLE
pursuant to the Alabama Rules of the Civil Procedure

Date   1/14/2015 4:32:41 PM    /s/ JODY WISE CAMPBELL

Clerk/Register

312 COURTHOUSE SQUARE

SUITE 10

BAY MINETTE, AL 36507

---

☑ Certified Mail is hereby requested    /s/ RICHARD E. DAVIS

Plaintiff's/Attorney's Sig

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and C

_____ in _____

Date                    Server's Signature

Type of Server              Server's Printed Name

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

**O F F I C I A L   U S E**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To

Street & Apt. No.,
or PO Box No.

City, State, ZIP+4

PS Form 3800, July 2014           See Reverse for Instructions

---

**05-CV-2015**
BRIAN A. DEKLE ET AL V. GLOBAL DIGITAL SOLUTIONS, INC. ET AL

| C001 - BRIAN A. DEKLE | v. | D001 - GLOBAL DIGITAL SOLUTIONS, INC. |
|---|---|---|
| Plaintiff | | Defendant |

### SERVICE RETURN

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL - | Case Number:<br>05-CV-2015-900050.00 |
|---|---|---|

IN THE CIRCUIT COURT OF BALDWIN COUNTY

BRIAN A. DEKLE ET AL V. GLOBAL DIGITAL SOLUTIONS, INC. ET AL

NORTH AMERICAN CUSTOM SPECIALTY VEHICLES, INC., C/O NAT'L CORP RESEARCH 615 S DUPONT HWY, DOVER, DE 19901

NOTICE TO

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY RICHARD E. DAVIS

WHOSE ADDRESS IS POST OFFICE BOX 2925, DAPHNE, AL 36526

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of   BRIAN A. DEKLE
pursuant to the Alabama Rules of the Civil Procedure

Date   1/14/2015 4:32:41 PM     /s/ JODY WISE CAMPBELL

Clerk/Register

312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL 36507

☑ Certified Mail is hereby requested    /s/ RICHARD E. DAVIS

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of the Summons and C

_____ in _____

Date                   Server's Signature

Type of Server         Server's Printed Name

**U.S. Postal Service**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*.

OFFICIAL USE

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Sent To
Street & Apt. No., or PO Box No.
City, State, ZIP+4

PS Form 3800, July 2014        See Reverse for Instructions

05-CV-2015-

BRIAN A. DEKLE ET AL V. GLOBAL DIGITAL SOLUTIONS, INC. ET AL

C001 - BRIAN A. DEKLE
Plaintiff

v.   D002 - NORTH AMERICAN CUSTOM SPECIALTY VEHICLES, INC.
Defendant

**SERVICE RETURN**

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____   ☐ Agent
                            ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

Jess Singer

CIRCUIT COURT
BALDWIN COUNTY, AL
FILED

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

JAN 27 2015

JODY W. CAMPBELL
CIRCUIT COURT CLERK

1. Article Addressed to:

North American Custom
Specialty Vehicles, Inc.
615 S. Dupont Highway
Dover, DE 19901

CV-15-900050 (D002)

3. Service Type
☑ Certified Mail®   ☐ Priority Mail Express™
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ Collect on Delivery

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7014 2870 0001 3001 2178

PS Form 3811, July 2013          Domestic Return Receipt



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Jody Wise Campbell
Circuit Clerk
312 Courthouse Square, Suite 10
Bay Minette, AL 36507



ELECTRONICALLY FILED
1/14/2015 4:32 PM
05-CV-2015-900050.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

AlaFile E-Notice

05-CV-2015-900050.00

To:  RICHARD E. DAVIS
     rdavis@davis-fields.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

BRIAN A. DEKLE ET AL V. GLOBAL DIGITAL SOLUTIONS, INC. ET AL
05-CV-2015-900050.00

The following complaint was FILED on 1/14/2015 4:32:41 PM

Notice Date:     1/14/2015 4:32:41 PM

JODY WISE CAMPBELL
CIRCUIT COURT CLERK
BALDWIN COUNTY, ALABAMA
312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL 36507

251-937-0299
jody.campbell@alacourt.gov

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | COVER SHEET<br>CIRCUIT COURT - CIVIL CASE<br>(Not For Domestic Relations Cases) | Case Number:<br>05-CV-201<br>Date of Filing:<br>01/14/2015 | ELECTRONICALLY FILED<br>1/14/2015 4:31 PM<br>05-CV-2015-900050.00<br>CIRCUIT COURT OF<br>BALDWIN COUNTY, ALABAMA<br>JODY WISE CAMPBELL, CLERK |

## GENERAL INFORMATION

### IN THE CIRCUIT OF BALDWIN COUNTY, ALABAMA
### BRIAN A. DEKLE ET AL v. GLOBAL DIGITAL SOLUTIONS, INC. ET AL

**First Plaintiff:** ☐ Business  ☑ Individual  **First Defendant:** ☑ Business  ☐ Individual
                    ☐ Government ☐ Other                        ☐ Government ☐ Other

## NATURE OF SUIT:

**TORTS: PERSONAL INJURY**

- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonnes
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**

- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**

- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS  (cont'd)**

- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP-Contempt of Court
- ☑ CONT-Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND- Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD-Eviction Appeal/Unlawfyul Detainer
- ☐ FORJ-Foreign Judgment
- ☐ FORF-Fruits of Crime Forfeiture
- ☐ MSHC-Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB-Protection From Abuse
- ☐ FELA-Railroad/Seaman (FELA)
- ☐ RPRO-Real Property
- ☐ WTEG-Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP-Workers' Compensation
- ☐ CVXX-Miscellaneous Circuit Civil Case

**ORIGIN:  F** ☑ **INITIAL FILING**   **A** ☐ **APPEAL FROM DISTRICT COURT**   **O** ☐ **OTHER**

**R** ☐ **REMANDED**   **T** ☐ **TRANSFERRED FROM OTHER CIRCUIT COURT**  _____

**HAS JURY TRIAL BEEN DEMANDED?**   ☐ Yes  ☑ No

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**   DAV046          1/14/2015 4:31:54 PM          /s/ RICHARD E. DAVIS

**MEDIATION REQUESTED:**   ☐ Yes  ☑ No   ☐ Undecided



ELECTRONICALLY FILED
1/14/2015 4:31 PM
05-CV-2015-900050.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUNTY, ALABAMA

| | | |
|---|---|---|
| **BRIAN A. DEKLE and JOHN RAMSAY,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| *vs.* | * | **Case No.:**_____ |
| | * | |
| **GLOBAL DIGITAL SOLUTIONS, INC.** | * | |
| **and** | * | |
| **NORTH AMERICAN CUSTOM SPECIALTY** | * | |
| **VEHICLES, INC.,** | * | |
| | * | |
| **Defendants.** | * | |

---

## COMPLAINT

---

Plaintiffs allege as follows:

1.      Plaintiff Brian A. Dekle is a resident of Baldwin County, Alabama, and Plaintiff John Ramsay is a resident of Mobile County, Alabama.

2.      Defendant Global Digital Solutions, Inc. ("GDSI") is a Delaware corporation and is the sole shareholder of Defendant North American Custom Specialty Vehicles, Inc. ("Defendant NACSV")

3.      Defendant NACSV is a Delaware corporation formerly known as GDSI Acquisition Corporation and is the surviving entity from the merger of GDSI Acquisition Corporation and North American Custom Specialty Vehicles, L.L.C., an Alabama limited liability company (the "Original NACSV").

4.      Plaintiffs were the only members of the Original NACSV, and Plaintiff Dekle was the Original NACSV's manager.  Much of Plaintiff Dekle's management duties were carried out remotely from his home in Baldwin County, Alabama.  Until December 31, 2014, he was an employee of the Original NACSV.

5.      On or about June 16, 2014, Plaintiffs met in Daphne, Alabama, to execute that certain Equity Purchase Agreement ("the Purchase Agreement"), pursuant to which Plaintiffs sold their interests in the Original NACSV to Defendant North American Custom Specialty Vehicles, Inc. Defendant Global Digital Solutions, Inc. ("GDSI") and the Original NACVS guaranteed the performance of Defendant NACSV under the Purchase Agreement.

6.      The Purchase Agreement required both Initial Consideration and Post-Closing Additional Consideration to Plaintiffs. The Initial Consideration required delivery of cash payment and delivery of stock certificates in Defendant GDSI, both of which requirements were satisfied via delivery of the cash and the certificates to Plaintiffs in Baldwin County, Alabama.

7.      In addition to the said Initial Consideration, the Purchase Agreement also required Post-Closing Additional Consideration. A portion of that Additional Consideration was payable upon the sale of certain assets ("Specially Identified Inventory Items"), and another portion was payable based on profitability and performance of the Original NACSV.

8.      The Original NACSV granted Plaintiffs a UCC Article 9 Security Interest in all of the assets of the Original NACSV to secure the payment of the Additional Consideration owed under the Purchase Agreement. Those assets included the Original NACSV's receivables (which, by virtue of said merger, became the receivables of Defendant NACSV). UCC Financing Statements perfecting said security interest have been duly filed in the States of Alabama and Florida.

9.      Defendant NACVS, as successor to the Original NACVS, sold some of the Specially Identified Inventory Items to Communications Laboratories, Inc. The receivables generated from the sale of the Specially Identified Inventory Items constitute collateral securing payment of the Additional Consideration and further represent payment for some of the Specially Identified Inventory Items. Thus, Plaintiffs are entitled to 100% of the proceeds of these receivables, but Defendants have repudiated their obligation to timely pay these proceeds to Plaintiff in accordance with the terms of the Purchase Agreement. Plaintiff Dekle received, and turned over to his attorney for safekeeping, two (2) checks from Communications Laboratories, Inc., a $100,000.00 check and a $200,000.00 check, constituting the proceeds from the said receivables.

10.     The Purchase Agreement also provided for Post-Closing Additional Consideration based on performance of the Original NACSV. To that end, the Purchase Agreement required the Defendants to "use reasonable commercial efforts to operate the Original NACSV on a profitable

basis and consistent with its historical practices" and vested Plaintiffs with the rights to receive information.

11.     Defendants have breached their obligations by failing to operate the business consistently with historical practices, with the effect that Defendants have alienated customers, vendors, and employees and have substantially and irreparably damaged the goodwill of the business, causing a substantial devaluation both of the business and Plaintiffs' shares of stock in GDSI and impairing the prospects of Plaintiffs' earning any further Post-Closing Additional Consideration.

WHEREFORE, Plaintiffs demand judgment against Defendants for all compensatory damages suffered by Plaintiffs, plus interest and costs, and respectfully request an order directing Defendants to instruct Communications Laboratories, Inc. to reissue the said two (2) checks to Plaintiffs on account of Defendants' obligations to Plaintiffs.

DATED January 14, 2014.

Respectfully submitted,

/s/ Richard E. Davis
RICHARD E. DAVIS (DAV046)

Of Counsel:
DAVIS & FIELDS, P.C.
Post Office Box 2925
Daphne, Alabama 36526
(251) 621-1555; (251) 621-1520, fax
rdavis@davis-fields.com

**PLEASE SERVE DEFENDANTS CERTIFIED MAIL AS FOLLOWS:**

Global Digital Solutions, Inc.
The Company Corporation
2711 Centerville Road
Suite 400
Wilmington, DE 19808

North American Custom Speciality Vehicles, Inc.
National Corporate Research, Ltd.
615 S. Dupont Highway
Dover, DE 19901

/s/ Richard E. Davis
RICHARD E. DAVIS

47779.WPD

| State of Alabama<br>Unified Judicial System<br><br>Form C-34   Rev 6/88 | SUMMONS<br>- CIVIL -<br><br>ORIGINAL | Case Number:<br><br>05-CV-2015-900050.00 |

IN THE CIRCUIT COURT OF BALDWIN COUNTY
**BRIAN A. DEKLE ET AL V. GLOBAL DIGITAL SOLUTIONS, INC. ET AL**

NOTICE TO _GLOBAL DIGITAL SOLUTIONS, INC., 777 SOUTH FLAGLER DRIVE SUITE 800 WEST, WEST PALM BEACH, FL 33401_

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY RICHARD E. DAVIS

WHOSE ADDRESS IS _POST OFFICE BOX 2925, DAPHNE, AL 36526_

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of  DEKLE BRIAN A.
   pursuant to the Alabama Rules of the Civil Procedure

Date   1/28/2015 2:34:58 PM   /s/ JODY WISE CAMPBELL

Clerk/Register

312 COURTHOUSE SQUARE
SUITE 10
BAY MINETTE, AL 36507

☑ Certified Mail is hereby requested   /s/ RICHARD E. DAVIS
   Plaintiff's/Attorney's Sign

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and C_

_____ in _____

_____
Date                    Server's Signature

_____
Type of Server          Server's Printed Name

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®.*

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee<br>(Endorsement Required) | |
| Restricted Delivery Fee<br>(Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark
Here

Sent To

Street & Apt. No.,
or PO Box No.

City, State, ZIP+4

PS Form 3800, July 2014                See Reverse for Instructions

05-CV-2015
BRIAN A. DEKLE ET AL V. GLOBA_

C001 - DEKLE BRIAN A.                v.   D001 - GLOBAL DIGITAL SOLUTIONS, INC.

Plaintiff                                        Defendant

**SERVICE RETURN**

ELECTRONICALLY FILED
1/30/2015 1:54 AM
05-CV-2015-900050.00
CIRCUIT COURT OF
BALDWIN COUNTY, ALABAMA
JODY WISE CAMPBELL, CLERK

## IN THE CIRCUIT COURT OF BALDWIN COUN

DEKLE BRIAN A.,                          )
RAMSAY JOHN M.,                          )
Plaintiffs,                              )
                                         )
V.                                       )  Case No.:        CV-2015-900050.00
                                         )
GLOBAL DIGITAL SOLUTIONS, INC.,          )
NORTH    AMERICAN    CUSTOM              )
SPECIALTY VEHICLES, INC.,                )
Defendants.                              )

## SCHEDULING ORDER

## ORDER NON-JURY

1.      :  SERVICE Plaintiff shall perfect service on all Defendants not later than thirty (30) days after filing the Complaint; except, however, where service by publication may be necessary, in which case service shall be perfected not later than sixty (60) days after filing the Complaint.

2.      DISCOVERY:  All discovery must be completed no later than 30 days before the initial trial setting unless additional time is granted by the Court upon written request.
        *Parties shall comply with ARCP 5(d) as to non-filing of discovery.  Discovery shall not be attached to motions to compel unless the motion applies to a specific discovery request.*
        *Plaintiff must disclose any experts in accordance with ARCP at least 90 days before initial trial setting.  Defendant must disclose any expert in accordance with ARCP at least 60 days before initial trial setting.*

3.      MEDIATION:  The Court recommends and encourages mediation.  Any request for mediation should be made to the Court in writing.

4.      This case is set for trial on June 9, 2015 **with a docket call at 9:00 am at the Courthouse in Bay Minette, AL. (This will be a 1-day non-jury Docket)**

ALL EXHIBITS ARE TO BE PREMARKED BEFORE TRIAL WITH A LIST PROVIDED TO THE COURT REPORTER AND TO THE COURT.  NO SUMMARY JUDGMENT MOTION WILL BE HEARD WITHIN 30 DAYS OF TRIAL.

Any document properly certified by custodian of records shall be admissible if given notice 20 days before trial to opposing party/attorney, unless objection is filed at least 14 days before trial.

5.      If this case is expected to last any appreciable time, the parties or their attorneys are urged to request a special setting to avoid inconvenience and

waiting.

6.      Any request for deviation from this Order must be in writing by motion properly presented to the Court.


**DONE this 30th day of January, 2015.**


                                        **/s/ ROBERT WILTERS**
                                        **CIRCUIT JUDGE**